# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

        *Plaintiff*,

v.

ARGUS INFORMATION & ADVISORY SERVICES INC., VERISK ANALYTICS, INC. and TRANS UNION LLC,

        *Defendants.*

Civil Action No. 1:24-cv-00348-SB

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS COMPLAINT BY ARGUS INFORMATION &
ADVISORY SERVICES INC. AND TRANS UNION LLC**

OF COUNSEL:

David H. Wollmuth
Joshua M. Slocum
Roselind F. Hallinan
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
dwollmuth@wmd-law.com
jslocum@wmd-law.com
rhallinan@wmd-law.com

October 1, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Kevin M. Coen (#4775)
Sara Carnahan (#7175)
Phillip Reytan (#7255)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kcoen@morrisnichols.com
scarnahan@morrisnichols.com
preytan@morrisnichols.com

*Counsel for Defendants Argus Information &
Advisory Services Inc. and Trans Union LLC*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I.        JPMC Fails To State A DTSA Claim ........................................................................ 2

        A.        JPMC relies on the Regulatory Contracts and the Court should consider them ................................................................................................................ 2

        B.        JPMC has no "co-ownership" of Regulatory Data; the Regulatory Contracts are clear that the Regulators are the "sole" owners with "exclusive" ownership ................................................................................................. 3

        C.        The federal regulations provide that the Regulators are owners of the data provided to them .............................................................................................. 4

        D.        JPMC fails to state a claim for any alleged misappropriation occurring prior to May 11, 2016 ........................................................................................... 5

II.       JPMC Fails To State A DUTSA Claim ...................................................................... 6

        A.        JPMC's DUTSA claim must be dismissed because the statute lacks extraterritorial effect ........................................................................................ 6

        B.        Any duty by Argus to maintain the secrecy or limit the use of the alleged trade secrets was owed to the Regulators under the Regulatory Contracts, not JPMC ................................................................................................................ 7

III.      JPMC Fails To Allege Article III Standing ............................................................... 7

IV.     JPMC Fails To Allege Any Claims Against TransUnion .......................................... 10

## **TABLE OF AUTHORITIES**

**Cases**                                                    **Page(s)**

*Allstate Ins. Co. v. Ameriprise Fin. Servs., Inc.*,
   2023 WL 5334638 (N.D. Ill. Aug. 18, 2023) ............................................................................ 5

*Arnold v. Pa., Dept. Of Transp.*,
   477 F.3d 105 (3d Cir. 2007) ..................................................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................... 2, 10

*B&P Littleford, LLC v. Prescott Mach., LLC*,
   2021 WL 3732313 (6th Cir. Aug. 24, 2021) ............................................................................ 5

*Battaglia Mgmt., Inc. v. Abramowicz*,
   2024 WL 3183063 (D. Del. June 26, 2024) ........................................................................... 10

*Brooks v. Thomson Reuters Corp.*,
   2023 WL 9316647 (N.D. Cal. Aug. 10, 2023) ........................................................................ 8

*Crum & Crum Enters., Inc. v. NDC of Cal., L.P.*,
   2011 WL 886356 (D. Del. Mar. 10, 2011) .............................................................................. 8

*E.J. Brooks Co. v. Cambridge Sec. Seals*,
   31 N.Y.3d 441 (2018) .............................................................................................................. 9

*Ecolab Inc. & Ecolab USA, Inc. v. SC Johnson Prof. Grp. Ltd.*,
   2022 WL 3138711 (D. Del. May 2, 2022) .............................................................................. 3

*Egan v. X-Mode Soc., Inc.*,
   2024 WL 2701967 (D. Mass. May 24, 2024) ......................................................................... 8

*Elkay Interior Sys. Int'l, Inc. v. Weiss*,
   2022 WL 17961568 (D. Del. Dec. 27, 2022) .......................................................................... 6

*Fair Wind Sailing, Inc. v. Dempster*,
   764 F.3d 303 (3d Cir. 2014) ................................................................................................... 10

*Focus Fin. Partners, LLC v. Holsopple*,
   250 A.3d 939 (Del. Ch. 2020) ................................................................................................. 6

*Galderma Laboratiores, L.P. v. Medinter Us, LLC*,
   2019 WL 13114421 (D. Del. Oct. 25, 2019) ........................................................................ 10

*Griswold v. Coventry First LLC*,
  762 F.3d 264 (3d Cir. 2014) ............................................................................. 3

*Hughes v. United Parcel Servs., Inc.*,
  639 F. App'x 99 (3d Cir. 2016) ......................................................................... 5

*Hydrogen Master Rts., Ltd. v. Weston*,
  228 F. Supp. 3d 320 (D. Del. 2017) ............................................................. 6, 9

*In Re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ............................................................................ 2

*J.E. Rhoads & Sons, Inc. v. Ammeraal, Inc.*,
  1988 WL 116423 (Del. Super. Ct. Oct. 21, 1988) ........................................... 7

*Kiger v. Mollenkopf*,
  2021 WL 5299581 (D. Del. Nov. 15, 2021) ...................................................... 3

*Knick v. Twp. Of Scott, Pa.*,
  588 U.S. 180 (2019) .......................................................................................... 4

*Laura Laaman & Assocs., LLC v. Davis*,
  2017 WL 5711393 (D. Conn. Nov. 27, 2017) ................................................... 9

*Lupia v. Medicredit, Inc.*,
  8 F.4th 1184 (10th Cir. 2021) ........................................................................... 8

*Murphy v. Kochava Inc.*,
  2023 WL 6391061 (D. Idaho Oct. 2, 2023) ..................................................... 8

*Penegar v. Liberty Mut. Ins. Co.*,
  2024 WL 3852278 (4th Cir. Aug. 19, 2024) .................................................... 9

*Radware, Inc. v. U.S. Telepacific Corp.*,
  2019 WL 13202075 (D.N.J. June 11, 2019) ..................................................... 3

*Revive Investing LLC v. Armistice Capital Master Fund, Ltd.*,
  2023 WL 5333768 (D. Colo. Aug. 18, 2023) ................................................... 8

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
  113 F.3d 405 (3d Cir. 1997) ............................................................................. 2

*Simplexity, LLC v. Zeinfeld*,
  2013 WL 5702374 (Del. Ch. Oct. 17, 2013) ..................................................... 8

*Spizzirri v. Zyla Life Sciences*,
  802 F. App'x 738 (3d Cir. 2020) .................................................................................. 2

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ................................................................................................ 8, 9

*Trustco Bank v. Mathews*,
  2015 WL 295373 (Del. Ch. Jan. 22, 2015) .................................................................. 7

*United Phosphorus, Ltd. v. Micro-Flo*,
  808 A.2d 761 (Del. 2002) ........................................................................................... 9

*United States v. Morton Salt Co.*,
  338 U.S. 632 (1950) .................................................................................................... 8

**Statutes**

6 Del. C. § 2001 ............................................................................................................ 2, 7

18 U.S.C. § 1839 ............................................................................................................... 2

**Regulations**

12 C.F.R. § 4.32 ................................................................................................................ 4

12 C.F.R. § 261.20 ............................................................................................................ 4

**Other Authorities**

U.S. Const., Amendment V .............................................................................................. 4

## INTRODUCTION

JPMC fails to raise any arguments sufficient to overcome Argus and TransUnion's motion to dismiss, and the Court should dismiss all claims brought against them for the following reasons.

*1. JPMC fails to state a DTSA claim*. JPMC's argument that the Court cannot consider the Regulatory Contracts ignores JPMC's own reliance on those same contracts to establish its trade secret claims. Having relied on the Regulatory Contracts to establish that Argus owed a duty of confidentiality, JPMC is estopped from urging the Court to ignore the provisions that establish that the Regulators own the data in question. JPMC cannot pick and choose which provisions of the Regulatory Contracts the Court considers by omitting them as exhibits to the Complaint. Both the Regulatory Contracts and federal regulations establish that the Regulators are the sole owners of the Regulatory Data in Argus's possession and therefore JPMC cannot state a DTSA claim.

*2. JPMC fails to state a DUTSA claim*. The DUTSA applies only within Delaware's limits, and JPMC alleges no misconduct by Argus or TransUnion that occurred in Delaware. JPMC's claim fails for the additional reason that Argus owed a duty of confidentiality only to the Regulators, not to JPMC.

*3. JPMC fails to allege Article III standing*. JPMC has failed to allege a concrete injury in fact stemming from the alleged misappropriation. JPMC points to methods of computing damages for its statutory claims, but those arguments do not answer the antecedent question of whether JPMC has shown it was harmed. It has not. JPMC also attempts to show injury in fact by analogizing this case to personal privacy law cases, but that comparison is inapt as corporations do not have privacy interests.

*4. JPMC fails to allege any facts showing that TransUnion itself misappropriated any alleged trade secrets*. JPMC's only allegations against TransUnion are threadbare recitals of claims' elements, supported by mere conclusory statements and must be dismissed.

## ARGUMENT

I.  **JPMC Fails To State A DTSA Claim**

    A.  **JPMC relies on the Regulatory Contracts and the Court should consider them**

JPMC contends that the Court must accept its conclusory allegation that "JPMC owns the Trade Secret Data," and inquire no further to consider the Regulatory Contracts that JPMC relies on in the Complaint but fails to attach as exhibits. Opp. at 6-8. That is incorrect. The "tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, at 663-64 (2009). The Court is not "required to accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

Argus and TransUnion established that the Court should consider the Regulatory Contracts because JPMC relies on them. *See* Mot. at 9-10. The Regulatory Contracts are integral to JPMC's Complaint because they are the one and only source of any duty owed by Argus to maintain the confidentiality of the Regulatory Data, *see* Compl. ¶¶ 32, 36, 55, which is an essential element of JPMC's misappropriation claims. *See* 18 U.S.C. § 1839(5)(B)(ii)(II)-(III); 6 Del. C. § 2001(2)(b)(2)(B)-(C). But for the Regulatory Contracts, Argus would have no duty of confidentiality, and therefore, the data could not be a trade secret. The Regulatory Contracts are essential to JPMC's claims, and JPMC should not be allowed to pick and choose the provisions it relies on and exclude from the Court's consideration the contracts in full. *See Spizzirri v. Zyla Life Sciences*, 802 F. App'x 738, 739 (3d Cir. 2020) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them"); *cf. In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting

2

an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.").

JPMC claims that the Regulatory Contracts cannot limit JPMC's ownership rights because JPMC is a nonparty. Opp. at 8. That argument fails for the same reason: under the doctrine of equitable estoppel, JPMC cannot cherry-pick the benefits of the contracts, *i.e.*, that Argus has a duty of confidentiality, while disavowing the unfavorable provisions. *See Griswold v. Coventry First LLC*, 762 F.3d 264, 273 (3d Cir. 2014); *Radware, Inc. v. U.S. TelePacific Corp.*, 2019 WL 13202075, at *3 (D.N.J. June 11, 2019).

### B. JPMC has no "co-ownership" of Regulatory Data; the Regulatory Contracts are clear that the Regulators are the "sole" owners with "exclusive" ownership

JPMC claims there is a factual dispute unable to be resolved at the motion to dismiss stage regarding whether JPMC has "equitable title" or "co-ownership" under the DTSA. *See* Opp. at 6-9. There is no factual dispute. JPMC alleges that it transmitted the Regulatory Data to Argus, which was acting on behalf of the Regulators. Compl. ¶¶ 33, 56. It further alleges that the Regulatory Contracts govern Argus's receipt of the Regulatory Data from JPMC, in its capacity as data aggregator for Regulators. *Id.* ¶¶ 32, 55. The Regulatory Contracts explicitly provide that data is the "sole property" and "exclusive property" of the Regulators. *See* Mot. at 8-9 (citing provisions). Thus, the Regulators are the sole owners of the Regulatory Data, and the Court should find that JPMC cannot assert a DTSA claim. *See Kiger v. Mollenkopf*, 2021 WL 5299581, at *1 (D. Del. Nov. 15, 2021) ("[T]he court need not accept as true allegations in the complaint contradicted by documents on which the complaint relies."). And in any event, the Court can interpret legal questions raised by a motion to dismiss. *See Ecolab Inc. & Ecolab USA, Inc. v. SC Johnson Prof. Grp. Ltd.*, 2022 WL 3138711, at *2 (D. Del. May 2, 2022) ("'Under Delaware law, the proper

3

interpretation of a contract is a question of law' and 'a motion to dismiss is a proper framework for determining the meaning of contract language.'") (citation omitted).

### C. The federal regulations provide that the Regulators are owners of the data provided to them

As established in Argus and TransUnion's opening brief, the applicable federal regulations confirm that Regulatory Data in Argus's possession is CSI and, therefore, property of the Regulators. *See* Mot. at 10-11. JPMC's Complaint concedes this: "JPMC also treats any Trade Secret Data it provides to its regulators as 'Confidential Supervisory Information,' meaning it is nonpublic information that is exempt from agency disclosure." Compl. ¶ 27. JPMC now argues that the Regulatory Data is *not* CSI. It reasons that documents prepared and possessed by a bank for its own business purposes are not CSI. Opp. at 9-10. That is irrelevant to the question before the Court of who owned the Regulatory Data *after* JPMC provided it to Argus, which was acting as the Regulators' data aggregator. The federal regulations answer that question: JPMC does not own the data after it transmits it to Argus because CSI belongs to the Regulators. *See* Mot. at 10-11 (citing 12 C.F.R. § 261.20, 12 C.F.R. § 4.32(b)(1)-(2)). JPMC might well own *its own* copies of credit card data that remained in its possession, but that has no relevance to this case.

JPMC's assertion that the Regulators' ownership of CSI violates the Fifth Amendment's Takings Clause, *see* Opp. at 8, 11, is a red herring. Even assuming JPMC is correct and there was a Takings Clause issue, that is irrelevant to the claims it asserts against Argus and TransUnion; JPMC's remedy would be to seek "just compensation" from the Regulators. U.S. Const., Amendment V; *Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 185 (2019) ("A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it."). Likewise, JPMC's argument that the Settlement Agreement between the Regulators and Argus does not release claims by JPMC against Argus is a straw man. *See* Opp. at 11. Argus and

4

TransUnion do not contend that claims by JPMC are covered by the Regulators' release. The DTSA claim fails because JPMC did not own the Regulatory Data at issue.

### D. JPMC fails to state a claim for any alleged misappropriation occurring prior to May 11, 2016

JPMC contends that Defendants continued to misappropriate the "**same type of Trade Secret Data**" after the DTSA's enactment as that they had received before. *See* Opp. at 12 (emphasis in original). But that is the point: Misappropriating the same *type* of data is not continuing to misappropriate *the same data*. *See Allstate Ins. Co. v. Ameriprise Fin. Servs., Inc.*, 2023 WL 5334638, at *30 (N.D. Ill. Aug. 18, 2023) (finding that defendant "putting client information into its customer databases does not alone supply the basis for finding continued use in the future," and "[i]nputting trade secrets into a database is at best a discrete act of use, or a form of acquisition," and "[t]hat act begins, and ends, once the information enters the database."). *See also B&P Littleford, LLC v. Prescott Mach., LLC*, 2021 WL 3732313, at *6 (6th Cir. Aug. 24, 2021) (in the context of a statute of limitations analysis, explaining how the misappropriation of one trade secret is treated separately than the misappropriation of a different trade secret).

While JPMC's brief argues that Argus used pre-2016 data to create models that continued to be used after 2016, Opp. at 12, that allegation does not appear in the Complaint. The Complaint's allegations control here because "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Hughes v. United Parcel Servs., Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016) (quotations and citations omitted). JPMC's Complaint fails to allege facts showing that any data received in a given month prior to 2016 continued to be used after 2016. Rather, as JPMC alleges, Argus obtained new Regulatory Data from JPMC each month, and each month Argus allegedly misappropriated new data. *See* Compl. ¶¶ 18, 19, 44. Regarding the models referenced in JPMC's brief, the Complaint alleges only that Defendants "continued to

5

misappropriate the data" and failed to prevent models from being used by customers. *Id*. ¶¶ 80-81, 102-03, 118-19. JPMC's DTSA claim for any alleged misappropriation that occurred prior to the DTSA's enactment should be dismissed. *Hydrogen Master Rts., Ltd. v. Weston*, 228 F. Supp. 3d 320, 338 (D. Del. 2017) (dismissing DTSA claim because the "complaint does not allege any acts on or after May 11, 2016 other than a conclusory allegation of continuing use and disclosure").

## II. JPMC Fails To State A DUTSA Claim

### A. JPMC's DUTSA claim must be dismissed because the statute lacks extraterritorial effect

JPMC is a National Banking Association headquartered in Ohio. It is not incorporated in any state. The alleged actions of Argus all occurred in White Plains, New York, the location of its principal place of business. Compl. ¶¶ 2, 8, 33, 43-51, 56-62. JPMC asserts that the Complaint has "allegations tying Defendants' conduct to Delaware," but that argument fails as the allegations cited are attenuated ties to Delaware concerning the place of incorporation of Defendants or the actions of a handful of employees of JPMC or its predecessor. *See* Opp. at 13.

Delaware courts "give the greatest weight to where the misappropriation occurred." *Focus Fin. Partners, LLC v. Holsopple*, 250 A.3d 939, 970 (Del. Ch. 2020). The alleged misappropriation by Argus occurred all in New York where it has its principal place of business. And because JPMC has not alleged that New York law should apply, its claim must be dismissed. *See Elkay Interior Sys. Int'l, Inc. v. Weiss*, 2022 WL 17961568, at *4 (D. Del. Dec. 27, 2022). JPMC's attempt to distinguish *Elkay* only underscores the merit of Defendants' argument. In *Elkay*, the plaintiff was given the opportunity to replead its claim under a different state's laws because there was no dispute that Delaware law did not apply. Here, JPMC argues that Delaware law applies to the exclusion of any other law and was given the opportunity to amend its Complaint but declined to do so.

6

*J.E. Rhoads & Sons, Inc. v. Ammeraal, Inc.*, 1988 WL 116423 (Del. Super. Ct. Oct. 21, 1988) cited by JPMC, *see* Opp. at 13, is inapposite. That case concerns the prior trade secret act in Delaware, not the DUTSA, and involved Delaware as the place of contract and the plaintiff's economic injury. Here, Delaware was not the place of contract—there was no contract between Argus and JPMC—and if the Court considers where JPMC's alleged economic injury was felt (there is none, *see* Section III below), that would be Ohio, where JPMC has its headquarters. *TrustCo Bank v. Mathews*, 2015 WL 295373, at *10 (Del. Ch. Jan. 22, 2015) ("A corporation sustains its injuries where it is incorporated and where it has its principal place of business, with the latter location generally being considered more important.").

    **B. Any duty by Argus to maintain the secrecy or limit the use of the alleged trade secrets was owed to the Regulators under the Regulatory Contracts, not JPMC**

JPMC concedes that that it must allege that Defendants used a trade secret that was "'[a]cquired under circumstances *giving rise to a duty* to maintain' the secrecy or limit the use." Opp. at 14 (quoting 6 Del. C. § 2001(2)(b)(2)(B)). To establish that it pleaded trade secret misappropriation, JPMC argues that Defendants were restricted from using the alleged trade secret data for their commercial businesses and cites to the Regulatory Contracts in support of its argument. *See* Opp. at 14. Not only does this argument demonstrate JPMC's reliance on the Regulatory Contracts and why they must be considered by the Court, but it also establishes that the "circumstances giving rise to a duty" of confidentiality or restriction of use of the data owed by Argus was to the Regulators pursuant to the Regulatory Contracts, not to JPMC.

**III. JPMC Fails To Allege Article III Standing**

JPMC asserts it alleged sufficient harm to establish Article III standing, but all allegations cited by JPMC are mere recitals of the elements of the claim or the damages that it claims. *See* Opp. at 15 ("Defendants were unjustly enriched" and "JPMC is entitled to damages…").

7

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) makes clear that it is insufficient to merely allege a statutory violation as JPMC has done here.[1]

As JPMC has not alleged any physical or monetary harm establishing a concrete harm, it turns to "intangible injuries" found at common law. Opp. at 16-17. JPMC first argues that the harm it suffered is akin to "disclosure of private information." *Id*. But the privacy cases cited by JPMC all relate to harm suffered by individuals, not corporations. *See Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1192 (10th Cir. 2021) (unwanted intrusion into an individual's peace and quiet via a phone call); *Brooks v. Thomson Reuters Corp.*, 2023 WL 9316647, at *6 (N.D. Cal. Aug. 10, 2023) (individual had a right to privacy in personal information when a company collected personal information without consent); *Egan v. X-Mode Soc., Inc.*, 2024 WL 2701967, at *3 (D. Mass. May 24, 2024) (individual's private information, including location data, was sold without consent); *Murphy v. Kochava Inc.*, 2023 WL 6391061, at *3-4 (D. Idaho Oct. 2, 2023) (similar holding).

The Supreme Court has held that corporations have no right to privacy, rendering JPMC's analogy inapt. *See United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) (holding "corporations can claim no equality with individuals in the enjoyment of a right to privacy"). *See also Arnold v. Pa., Dept. of Transp.*, 477 F.3d 105, 111 (3d Cir. 2007) ("[A]s an entity, [Defendant] 'clearly had no privacy interest' capable of protection at stake here.") (citations omitted); *Crum & Crum Enters., Inc. v. NDC of Cal., L.P.*, 2011 WL 886356, at *3 (D. Del. Mar. 10, 2011) ("Unlike individuals, who have a general right to privacy, business entities do not have a right to privacy.").

---

[1] *Simplexity, LLC v. Zeinfeld*, 2013 WL 5702374 (Del. Ch. Oct. 17, 2013) cited by JPMC, Opp. at 15, involved an employee who disclosed confidential information to his employer's competitor to use in negotiations. The Complaint does not allege JPMC suffered concrete harm vis-à-vis its competitors. In *Revive Investing LLC v. Armistice Capital Master Fund, Ltd.*, 2023 WL 5333768 (D. Colo. Aug. 18, 2023), Opp. at 16, the court found the harm suffered by an Exchange Act Section 16(b) plaintiff was analogous to the common law injury of breach of trust arising from the defendant's fiduciary duty to the issuer. There is no fiduciary or analogous relationship here.

8

JPMC next argues that lost profits and royalties suffice to show injury in fact because they are traditionally recognized "methods for assessing damages." Opp. at 16-17. While those may be methods of computing *damages* for a trade secret misappropriation claim, they do not address the antecedent question of what, if any, *concrete harm* JPMC has suffered. Similarly, while "damages for any unjust enrichment" are a statutory remedy for trade secret misappropriation, that does not help JPMC because JPMC failed to plead facts showing how it was "impoverished"—*i.e.*, what harm it has suffered. *See Hydrogen Master Rts., Ltd. v. Weston*, 228 F. Supp. 3d 320, 337 (D. Del. 2017) (unjust enrichment requires an impoverishment and a relationship between the enrichment and impoverishment). The doctrine of unjust enrichment is not a substitute for injury in fact.[2]

Finally, JPMC states that misappropriation claims have "deep roots in the common law." Opp. at 17. Perhaps. But the *TransUnion* analysis requires JPMC to articulate how it was harmed and show that the *harm* has a close relationship to a harm traditionally recognized at common law. 594 U.S. at 425. JPMC identifies no cases holding that a party has standing by merely asserting a misappropriation claim without identifying a concrete harm as required by *TransUnion*. JPMC cites *United Phosphorus, Ltd. v. Micro-Flo*, 808 A.2d 761, 763 (Del. 2002), which merely recognizes that the plaintiff brought a claim without identifying any statute and has no discussion of Delaware's views on standing, and *Laura Laaman & Assocs., LLC v. Davis*, 2017 WL 5711393, at *10 (D. Conn. Nov. 27, 2017), which discusses Connecticut law. Since JPMC failed to plead any concrete harm or injury that it suffered, its claims must be dismissed. *See Penegar v. Liberty Mut. Ins. Co.*, 2024 WL 3852278, at *4 (4th Cir. Aug. 19, 2024) (dismissing plaintiff's claims

---

[2] Notably, damages for unjust enrichment would not be available under New York law, which is the law that should apply here as opposed to Delaware law (*see supra* Section II.A). *See E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441, 454 (2018) (a damages remedy "tied to the defendant's gains rather than the plaintiff's losses, it is not a permissible measure of damages").

9

because "she cannot invoke federal jurisdiction solely because [an act] grants her a cause of action").

### IV. JPMC Fails To Allege Any Claims Against TransUnion

JPMC contends that its Complaint alleges that TransUnion misappropriated the alleged trade secrets, but the allegations it cites are either conclusory, threadbare allegations that recite elements of the claim, *see* Opp. at 18 (citing allegations that "TransUnion continued to misappropriate the Trade Secret Data" and "TransUnion was unjustly enriched"), or allegations that do not support any claim, *see id.* ("TransUnion admitted to the misappropriation," "TransUnion ha[s] not taken steps to [] prevent all such models from continuing to be used").

*Iqbal* requires dismissal as JPMC failed to plead sufficient factual allegations concerning TransUnion to state a claim for relief. *Iqbal*, 556 U.S. at 663-64 (stating that mere conclusions are not entitled to the assumption of truth and legal conclusions must be supported by factual allegations). *See also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312 (3d Cir. 2014) (the "bald assertion that Defendants 'have been enriched'" does not satisfy pleading standards); *Battaglia Mgmt., Inc. v. Abramowicz*, 2024 WL 3183063, at *3 (D. Del. June 26, 2024) (pleading a conclusory sentence that Defendant took, disclosed, and used plaintiff's confidential information "is the sort of 'mere conclusory statement' that the Court must disregard at the 12(b)(6) stage."). The only relevant, non-conclusory fact JPMC alleges about TransUnion is that, beginning in April 2022, TransUnion owned Argus. Compl. ¶_12. That does not suffice to impose liability for the alleged actions of Argus. *Galderma Laboratiores, L.P. v. Medinter US, LLC*, 2019 WL 13114421, at *4-5 (D. Del. Oct. 25, 2019) ("[I]n order to succeed on an alter ego theory of liability, a plaintiff must establish that in all aspects of the business, the relevant corporate entities actually functioned as a single entity and should be treated as such," which is a standard "notoriously difficult for plaintiffs to meet") (quotations and citations omitted).

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | /s/ Kevin M. Coen |
| | Kevin M. Coen (#4775) |
| OF COUNSEL: | Sara Carnahan (#7175) |
| | Phillip Reytan (#7255) |
| David H. Wollmuth | 1201 North Market Street |
| Joshua M. Slocum | P.O. Box 1347 |
| Roselind F. Hallinan | Wilmington, DE 19899 |
| WOLLMUTH MAHER & DEUTSCH LLP | (302) 658-9200 |
| 500 Fifth Avenue | kcoen@morrisnichols.com |
| New York, New York 10110 | scarnahan@morrisnichols.com |
| (212) 382-3300 | preytan@morrisnichols.com |
| dwollmuth@wmd-law.com | |
| jslocum@wmd-law.com | *Counsel for Defendants Argus Information &* |
| rhallinan@wnd-law.com | *Advisory Services Inc. and Trans Union LLC* |

October 1, 2024

11