IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JPMORGAN CHASE BANK, N.A.,

    *Plaintiff*,

    v.

ARGUS INFO. & ADVISORY SERVS.
INC., *et al.*,

    *Defendants*.

No. 1:24-cv-00348-SB

---

Amy Michele Dudash, Jody Barillare, MORGAN, LEWIS & BOCKIUS LLP, Wilmington, Delaware.

*Counsel for Plaintiff*.

Kevin Michael Coen, Phillip Reytan, Rudolph J. Scaggs, Jr., Sara Carnahan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Joshua M. Slocum, WOLLMUTH MAHER & DEUTSCH LLP, New York City, New York.

*Counsel for Defendants Argus Info. & Advisory Servs. Inc. and Trans Union, LLC*.

Michael A. Barlow, Shannon M. Doughty, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Wilmington, Delaware; Viola Trebicka, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York City, New York.

*Counsel for Defendant Verisk Analytics, Inc.*

---

**MEMORANDUM OPINION**

October 3, 2025

BIBAS, *Circuit Judge*, sitting by designation.

JPMorgan is suing Argus, Verisk, and TransUnion for misappropriation of trade secrets. During discovery, Argus produced, then tried to claw back, a "compromise-related communication[] with the government." D.I. 142 at 2. But JPMorgan refused to return the document. I GRANT JPMorgan's motion to compel and DENY the clawback. D.I. 141. I explained my reasons orally on the record during a teleconference with the parties.

Because my reasoning differs from the views of other district courts in this circuit, I now explain myself in writing as well.

### I.  THE ALLEGED TENSION BETWEEN DISCOVERY AND ADMISSIBILITY RULES

The Federal Rules of Evidence greatly limit using settlement-related materials at trial. A party may not introduce evidence of any "conduct or a statement made during compromise negotiations about" a claim in order "to prove or disprove the validity" of that claim. Fed. R. Evid. 408(a).

In contrast, the baseline rule for permissible discovery is broad. Parties may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Material not admissible at trial is still discoverable. *Id.*

District courts in this circuit have long worried that discovery of settlement-related materials could discourage settlement and so undermine Rule 408's purpose. *See, e.g.*, *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 533–34 (E.D. Pa. 1993); *Kaye v. Nussey*, 2022 WL 3227578, at *2 (D.N.J. Aug. 10, 2022). To account for the rules' competing interests, these courts require a "particularized" or

"heightened" showing from the party seeking this production. *Kaye*, 2022 WL 3227578, at *2–3.

The content of that showing varies. Some courts require the movant to show "a strong need for the information and that the information cannot be obtained otherwise." *See id.* at *2. Those courts then balance the movant's interest and need against the possible effects of discovery. *Id.* Other courts say only that the party must show the documents are relevant and will likely lead to discovery of admissible evidence. *See, e.g.*, *Duncan v. Black*, 2018 WL 317957, at *2–3 (W.D. Pa. Jan. 8, 2018); *Magten Asset Mgmt. Corp. v. Nw. Corp.*, 2007 WL 9811153, at *7–9 (D. Del. June 14, 2007). Still others say settlement materials are discoverable only if they fall within Rule 408(b)'s exceptions to inadmissibility. *See, e.g.*, *AgroFresh Inc. v. Essentiv LLC*, 2018 WL 9578196, at *2 (D. Del. Dec. 11, 2018).

## II.  THE CIVIL RULES DO NOT SUPPORT A "HEIGHTENED" STANDARD FOR DISCOVERY OF SETTLEMENT MATERIALS

Argus and Verisk do not claim that the document is protected by work-product protection or attorney-client privilege. Nor do they ask me to find, under Federal Rule of Evidence 501, that a "settlement-communications privilege" has developed. Instead, they base their argument solely on the alleged clash between Rule 26(b) and Rule 408. But they never explain why I should ignore the rules' plain texts.

Discovery is broad: Ordinarily, *any* relevant, proportional material is discoverable. To be sure, the discovery rules have limits. For instance, privileged materials are exempt from discovery. Fed. R. Civ. P. 26(b)(1). And there are strong limits on a party's ability to get materials that another party created for litigation.

3

*Id.* R. 26(b)(3). Plus, a court can protect a party from discovery requests that are unduly burdensome or cumulative or would cause "annoyance, embarrassment, [or] oppression." *Id.* R. 26(b)(1), 26(b)(2), 26(c)(1).

But Rule 26 makes no mention of "settlement communications" per se. When it comes time to try a case, Rule 408 will limit the *admissibility* of that evidence. Yet nothing in that rule limits the scope of *discovery*. Instead, Rule 26 expressly resolves the gap between "discoverable" material and "admissible" evidence in favor of discovery.

Maybe the district courts have identified a legitimate reason to limit the breadth of Rule 26(b)(1). But the rules—and Congress—have not endorsed that limit. District courts are not free to create such a limit, and the resulting "heightened standard" lacks a basis in the text of the civil rules. So I refuse to apply any version of that requirement here.

\* \* \* \* \*

Once we understand Rule 26 properly, it is easy to resolve the parties' dispute. Argus and Verisk do not claim that the document is irrelevant. And they do not invoke any other protection in the discovery rules. So I GRANT the motion to compel and refuse to allow the clawback.